**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Tel.:  (212) 309-6000
Fax:  (212) 309-6001

Attorneys for Defendant JP Morgan Chase Bank, N.A.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALAN MARK WEINTRAUB,<br><br>            Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>            Defendant. | Case No.: 1:21-cv-4491 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant JP Morgan Chase Bank, N.A. ("Defendant") hereby removes this action from the Supreme Court of the State of New York, County of New York, where it is pending, to the United States District Court for the Southern District of New York.  In support of this Notice of Removal, Defendant states as follows:

1. On or about April 26, 2021, Plaintiff Alan Mark Weintraub ("Plaintiff"), a citizen of New York, commenced an action against Defendant, captioned <u>Alan Mark Weintraub v. JP Morgan Chase Bank, N.A.,</u> Index No. 154006/2021, in the Supreme Court of the State of New York, County of New York by filing a Summons and Complaint.  (<u>See</u> Summons, attached hereto as Exhibit 1, and Complaint ("Compl."), attached hereto as Exhibit 2).

2. Defendant was served via its registered agent, CT Corp., on April 29, 2021.

3. Defendant is a national banking association with its main office, as designated by its articles of association, in Columbus, Ohio. Defendant is, therefore, a citizen of the state of Ohio. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006).

4. In the Complaint, Plaintiff seeks to bring several causes of action, including for discrimination in alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

5. In addition, Plaintiff purports to seek severance pay under the JPMorgan Chase U.S. Severance Pay Plan, which, by its terms, is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See generally* Compl. Ex. A; *id.* at 15.

6. The Complaint purports to seek $2.5 million in lost wages, in addition to severance pay and other bonus payments.

7. No further processes, pleadings, or orders have been served on Defendant.

8. This action is properly removed to this Court by Notice of Removal because the Court has federal question jurisdiction over Plaintiff's ADEA and ERISA claims. As set forth in 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1331 (federal question). As such, Defendant can remove to this Court under 28 U.S.C. §§ 1441 and 1446.

10. Additionally, and in the alternative, under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

11. As noted above, Plaintiff is a citizen of New York and Defendant is a citizen of Ohio, and the amount in controversy (over $2.5 million) exceeds the value of $75,000.

12. Thus, this civil action falls under the Court's diversity jurisdiction under 28 U.S.C. 1332 (diversity jurisdiction). As such, Defendant can remove to this Court under 28 U.S.C. §§ 1441 and 1446.

13. This Notice of Removal is timely filed within 30 days after the receipt by Defendant of a copy of the pleading, motion, order or other paper from which it could be ascertained that the case has become removable, pursuant to 28 U.S.C. § 1446(b).

14. A copy of this Notice of Removal has been served upon Plaintiff's counsel by overnight Federal Express and email, and a copy of the Notice of Removal is being filed with the Clerk of the Supreme Court for the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(b).

WHEREFORE, Defendant respectfully requests that the above-captioned action pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court for further proceedings.

Respectfully submitted,

Dated: May 19, 2021  
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brendan T. Killeen  
Brendan T. Killeen  
Hanna E. Martin  
101 Park Avenue  
New York, New York 10178  
(212) 309-6000  
*Attorneys for Defendant*  
JP Morgan Chase Bank, N.A.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused to be served a true and correct copy of Defendant's Notice of Removal by overnight Federal Express, this 19th day of May, 2021, on:

James S. Kaplan, Esq.
Greenberg & Kaplan, L.L.P.
390 5th Avenue, Suite 900
New York, New York 10018
james@greenberg-kaplan.com

*Attorneys for Plaintiff*

I certify that the foregoing is true under penalties of perjury.

                                            */s/ Brendan T. Killeen*_____
                                            Brendan T. Killeen